Green v. Richards.

---

GREEN and wife *vs.* RICHARDS.

1. A bill by a husband and wife, praying performance of one or the other of two agreements—the one a parol agreement made with the husband, and the other a written agreement made with the wife—both for the conveyance by the defendant of the same premises upon the same terms, is not multifarious.

2. Such bill might have been demurrable for a misjoinder. But here the error is not such that the court will refuse relief on this technical objection, after the defendant has allowed the cause to proceed to hearing.

3. Taking possession of the premises, under a parol agreement for their conveyance, is such part performance as will take the case out of the statute of frauds, and support the suit on the agreement; part payment will not.

4. A memorandum endorsed on a receipt, &c., as follows: "This is to show that I agree to sell to Mrs. G. house and lot No. 71 Ferry street, for the sum of $2500, and that when there is $500 paid, and the back rent, I will give her the deed and take a mortgage for $2000. [Signed.] T. E. R.," is a contract certain and definite, except as to whether the mortgage should draw interest or not. But there being no agreement for time, and the purchaser not being entitled to any credit, a court of equity will presume it to have been the intention of the parties that the mortgage should be made payable on demand, and enforce the contract.

Argued on final hearing upon pleadings and proofs.

*Mr. F. Stevens,* for complainants.

*Mr. C. F. Hill,* for defendant.

THE CHANCELLOR.

This suit is to compel the defendant to convey to the complainants, or one of them, a house and lot in the city of Newark, as specific performance of agreements entered into by him with each of them. The bill sets forth a parol agreement made by the defendant with Mr. Green, also certain acts in part performance; and also an agreement in writing afterwards entered into by him with Mrs. Green for a conveyance of the same premises on the same terms. It

prays performance of one or the other. The bill is not multifarious. The uniting these two contracts in one bill may be a misjoinder, and the bill, if it had been demurred to, might have been held bad. But in this case the error is not such that the court will, after the defendant has allowed the cause to proceed to hearing, refuse relief on this technical objection.

By the statute of frauds no suit can be brought on a parol agreement. But courts of equity have long held that it is a fraud to take advantage of the statute after the other party has in part performed the agreement so that he cannot be placed in the same situation. And under this doctrine it is settled that part payment is not, but that taking possession of the premises under the agreement is, such part performance as will take it out of the statute. The complainant says his possession was taken under this agreement, and testifies to this allegation in his bill. The defendant in his responsive answer, under oath, says that it was not under this agreement, but under an agreement to let the premises to Green at $20 per month, for one year, and that he would at the end of the year convey, if Green did for that time continue sober. He denies in his answer that he ever made the agreement stated in the complainant's bill.

There is no evidence, except that of the complainant, to sustain his allegation. The answer of the defendant is corroborated by his own testimony, and sustained by the testimony of two witnesses, one of whom heard Green state that he was to have the house if he kept sober, but had broken the restrictions by getting drunk at Jersey City. He also told this witness and another that he paid $20 a month rent. Neither the parol contract stated in the bill, nor an entry under it, is proved. That contract, being denied in the answer, must be shown in such manner as to avoid the effect of the statute of frauds. It is not so proved, and no relief can be had upon it.

The written contract with Mrs. Green is dated May 9th, 1868, one year after the verbal contract with Mr. Green. It was endorsed on a receipt in these words: "Received from

Mrs. Catharine Green, $100 on account of payment on house No. 71 Ferry street. Due on account of rent to date, $120. Thomas E. Richards." Endorsed.—"This is to show that I agree to sell to Mrs. Capt. Green, house and lot No. 71 Ferry street, for the sum of $2500, and that when there is $500 paid, and the back rent, I will give her the deed, and take a mortgage for $2000. · T. E. Richards."

This is a contract certain and definite as to the subject matter; the price and the condition precedent, the payment of the back rent. The time is sufficiently certain; it is whenever the back rent shall be paid up and the terms of payment complied with, which makes the defendant liable to perform on demand, within a reasonable time. Performance was demanded within a year, which is not denied to be within a reasonable time. The only material part of this contract that is not definite, is the credit to be given on the mortgage, and whether with interest or not. A mortgage payable at the end of two years, without interest, would be a literal compliance with this contract.

It has been held in this court, when one of the terms of a sale is that part of the consideration is to be secured by mortgage, payable at a time to be fixed and agreed upon by the parties, that the contract is not sufficiently definite to entitle the purchaser to a decree for specific performance. *McKibbin* v. *Brown,* 1 *McCarter* 13.

It was also held in *Potts* v. *Whitehead,* 5 *C. E. Green* 55, that when a contract stated that credit was to be given for a certain part of the purchase money, but the length of credit was not fixed, nor whether it was to be with interest, the agreement was not sufficiently fixed. The same doctrine is acted on in *Nichols* v. *Williams,* 7 *C. E. Green* 63.

But in those cases it was part of the agreement that time was to be given for payment. That time was a material part of the agreement, and it was left undetermined. Here there is no agreement for any time. The purchaser is not entitled to any credit. In such case the mortgage should be made pay-

able on demand; and it is the duty of a court of equity, in order to prevent a fair and just agreement from being defeated by a mere technical objection, to presume that such was the intention of the parties, and to give the agreement that construction. This makes the written agreement certain in all its parts.

This agreement does not come within the decisions which hold that an agreement to entitle to specific performance must be mutual, and such that the defendant could have had that remedy ; these decisions themselves are controverted and conflicting. But they do not apply to a case where the complainant has paid a part or the whole of the consideration, or a consideration for the defendant signing the agreement; or to cases of a lease for years, with the option of purchasing during the term; or to cases where the contract, by its terms, gives to one party a right to the performance which it does not give to the other. *Van Doren* v. *Robinson*, 1 *C. E. Green* 259. In such cases specific performance is constantly decreed.

In this case, Richards had received from Mr. Green $100 on account of the house in Ferry street, in March, 1868, and gave a receipt in those words; and the receipt, on which the agreement is endorsed, is on account of payment on house. $200 had then been paid on this purchase. The complainants demanded a deed before bringing suit, and tendered $500 in cash, and a bond and mortgage for $2000. I think the evidence shows that enough rent had been paid to make the $500 cover all the money due in cash. It does not appear when the mortgage was made payable. But the defendant did not refuse the offer, or place his refusal on the ground that the mortgage was not according to the agreement. He refused to comply, because he held that he was not bound by the agreement.

Mrs. Green is entitled to relief by a specific performance. It must be referred to a master, to ascertain what amount of back rent is due to Mr. Richards, at the rate of $20 per month, he paying for repairs and taxes. And upon payment

of the arrears of rent so found, if any, and $500, with interest from the date of the master's report on the arrears, and paying $2000 in cash, or securing it by mortgage on the premises, payable on demand, the defendant will be decreed to convey the premises to Mrs. Green.