NEAL BASSETT, PLAINTIFF-APPELLANT, v. WALTER J. CHRISTENSEN, DEFENDANT-APPELLEE.

Submitted May 31, 1941—Decided September 19, 1941.

For the defendant-appellee, *Frank P. Zimmer*.

For the plaintiff-appellant, *Samuel D. Williams*.

The opinion of the court was delivered by

WOLFSKEIL, J.   Appellant is the holder of a note made by respondent, which is dated April 27th, 1931, and was made payable on demand.   Suit on the note was commenced on September 26th, 1940.   Defendant-respondent pleaded the statute of limitations, *R. S.* 2:24-1, 9.   Judgment was entered for the defendant on an order denying plaintiff-appellant's motion to strike the answer, and the appeal is from that order.

None of the facts are in dispute.   The issue in substance is whether a letter written by respondent to the appellant before the statutory limitation period had tolled effected a revival of the obligation.   The letter was as follows:

"Thursday, June 20th, 1935.

Dear Mr. Bassett:

My record of the indebtedness to you is as follows:   Original loan $2,000 dated June 8th, 1929—Interest paid to you $300.   New note to Miss Neal is dated from the date of last interest payment—which was April 27th, 1931.

I am sending this to you by mail due to the fact I will not be home on Saturday.

Mr. Bassett I have an appointment for next week regarding whether or not I can secure a second mortgage on my home, and if so for the amount I can secure.   I would like very much to again discuss the subject with you after I have something definite to offer—I will call you by phone and make an appointment at your convenience.

Looking forward to seeing you again shortly, I am

Sincerely,

WALTER J. CHRISTENSEN."

It is settled that a promise to pay will remove the bar of the statute, and an acknowledgment of the debt which creates the implication of such a promise has that result. But if the acknowledgment is coupled with a promise that is qualified or conditional, neither the promise nor acknowledgment will suffice unless the condition has been performed or the event occurs to which the qualifying feature refers. There is also inherent the provision that the promise shall infer payment immediately or on demand when there is no such qualifying condition that has been met. *Howell* v. *Wallace,* 18 *N. J. Mis. R.* 48; *Parker* v. *Butterworth,* 46 *N. J. L.* 244.

The letter in the instant case is plainly an acknowledgment of the note. But there is no implication of a promise to pay at once or on demand, nor is there the status of a qualifying condition that has been performed. In fact, such a deduction is negatived in the letter, for the writer specifically holds in abeyance any commitment as to what he will do by way of payment.

Appellant urges that the promise to pay immediately or on demand, as herein outlined, is not an essential element of the conclusion to be inferred from the acknowledgment. The settled determination is to the contrary. Appellant also seeks to draw a distinction from the fact that in this instance the acknowledgment was made during the period in which the statute of limitations as yet had no application. This does not alter the fundamental motivation in the rule. At whatever time an acknowledgment of the debt is made, if the purpose is to depend upon it as a bar to the statute, then the acknowledgment must meet the test imposed to give such a result. In essence, the new promise is deemed to amount to a new contract. If the new promise is qualified or conditional in that phase of it which relates to payment, with the condition unperformed, or if it lacks the element of immediacy or demand, then manifestly it has not attained consummation of expression and obligatory force, and would only do so when the conditions had been met.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.