CHARLOTTE E. EVERS, PLAINTIFF-APPELLANT, v. HARRY JACOBSEN, ALSO KNOWN AS HENRY JENETT, DEFENDANT-RESPONDENT.

Submitted May 29, 1942—Decided September 18, 1942.

90

[redacted]

[redacted]

[redacted]

[redacted]

For the plaintiff-appellant, *Firmin Michel*.

For the defendant-respondent, *David Hilowitz*.

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment of nonsuit entered by Judge Palmer in the Supreme Court, Camden Circuit. The plaintiff is the assignee of Henry K. Fort who was the holder and payee of five promissory notes of the defendant aggregating in amount the sum of $2,720. The action was for the recovery of the amount due on these several notes, together with interest. No payments were made on account of principal or interest on any of these notes within the period of six years from the making thereof. It seems that nine years after the last of the notes had matured the defendant sent a check for $25 to Fort. The sole question presented by the plaintiff's proofs is whether or not these notes which had become barred by the statute of limitations, *N. J. S. A.* 2:24-9, on which the defendant relies, were revived by this payment of $25 by the defendant and his alleged promises to pay. Fort was the only witness. He produced three letters which were received in evidence. He wrote defendant on February 9th, 1940, in which he spoke of the defendant's indebtedness to him and requested that some payments be made. He referred in that letter to the fact that the debt was outlawed and a "dead horse." On March 7th, 1940, the defendant replied and sent Fort a check for $25. In that letter he said: "Nothing but a desire to prove to you by the merest token that faith still is worth keeping alive has prompted me to send you this drop in the bucket. I know that you will regard it as a token of good faith and that you will not appraise it as an installment on the debt I owe you, in which case it would take too much arithmetic to

calculate the final date of settlement. I am going to send you more as and when I can. The main thing is that I do not want you to feel that the matter has been forgotten because there is no 'scrap of paper' to tear up." Another letter of the defendant to Fort May 31st, 1941, was in evidence in which he explained why he had sent him the $25 a year previously. With the contents of this letter we are not concerned because of course his interpretation of his previous letter can have no evidential value.

The plaintiff bases her action on the contention that this payment of $25 was a part payment on the entire debt represented by the five notes which together with his promises to pay under the circumstances took the debt out of the statute of limitations and gave it new life because of this new contract. Her theory seems to be that this payment was not to be credited to any one note but that the new promise was made with reference to the entire indebtedness and the payment made on account of it.

To constitute a promise to pay sufficient to remove the bar of the statute of limitations the promise must be unconditional and unqualified. *Parker* v. *Butterworth,* 46 *N. J. L.* 244; *Bassett* v. *Christensen,* 127 *Id.* 259. Tested by this well settled rule we find no proofs of any unqualified promise to pay. The only definite proof is found in the defendant's letter of March 7th, 1940, in which he promised "to send you more as and when I can." This clearly is not an unconditional promise to pay.

It follows that the ruling of the trial court in granting a nonsuit was right. The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, JJ. 9.

*For reversal*—THE CHIEF JUSTICE, PARKER, DONGES, HEHER, DEAR, HAGUE, JJ. 6.