**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1182-24

TJN DEVELOPMENT, LLC,
a New Jersey Limited Liability
Company, TIMOTHY J. NOON,
and EMILY MORRISON,

     Plaintiffs-Appellants,

v.

LANCE SCHONER,

     Defendant-Respondent.

_____

     Submitted November 13, 2025 – Decided December 24, 2025

     Before Judges Smith and Berdote Byrne.

     On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-1854-23.

     Kang Haggerty LLC, attorneys for appellants (Ralph P. Ferrara and Aaron L. Peskin, on the brief).

     Respondent has not filed a brief.

PER CURIAM

TJN Development, LLC, Timothy J. Noon and Emily Morrison appeal from a June 11, 2024 order dismissing plaintiffs' claims for breach of contract and unjust enrichment. The trial court found plaintiffs' breach of contract claim was barred by the statute of limitations (SOL). While the court did not address plaintiffs' unjust enrichment cause of action in its dispositive order, it nonetheless granted defendant summary judgment as to both theories. Having considered the applicable law, we conclude defendant's partial payment and promise to pay did not toll the SOL for either plaintiffs' contract or unjust enrichment claims. We affirm.

I.

A.

We obtain the facts from the summary judgment record, viewed in the light most favorable to the non-moving party. Richter v. Oakland Bd. of Educ., 246 N.J. 507, 515 (2021).

On November 3, 2015, plaintiffs allegedly loaned defendant $140,000, for investment in real estate. Plaintiffs entered into an oral agreement with defendant and never reduced the agreement's terms to writing. Defendant agreed to pay the loan's principal, without interest, when the real estate

investment was sold. Nothing in the record shows that plaintiffs and defendant ever established a deadline for repayment of the $140,000.

Noon next loaned an additional $87,500 to defendant in 2016 and 2017, disbursing the loan in multiple cash payments of $50,000, $25,000, $7,500, and $5,000. Like the initial $140,000 loan, plaintiffs and defendant did not agree upon a specific repayment date for the $87,500.

From 2015 to mid-2020, defendant paid nothing to plaintiffs. In August 2020, defendant texted Noon stating

> Listen, you want me to start paying back this money, no problem. I get you what I can when I see you. If you want to involve other people then that's fine, but don't forget I have friends too, pal. I never went that route with you. Next time I see anybody besides you on this issue, I will handle it my old way. You want to come get payments from me, I have no problem with you getting you what I am. But this between me and you, if you want to involve other people let me know now so I can do whatever it is I have to. Let me know. [sic].

On September 6, 2020, defendant made a $600 wire payment to Noon. Subsequently, on February 4, 2021, defendant wrote a $3,000 check to Noon.

A-1182-24

B.

On August 15, 2023, TJN and Noon sued defendant, alleging breach of contract and unjust enrichment claims.[1] Defendant moved to dismiss the complaint for failure to state a claim pursuant to Rule 4:6-2(c), contending plaintiffs' allegations were barred by the SOL under N.J.S.A. 2A:14-1. Plaintiffs opposed and cross-moved for partial summary judgment on liability.

The trial court denied both motions without prejudice. The court then ordered plaintiffs to file an amended complaint and for both sides to conduct discovery on the statute of limitations issue.

Plaintiffs filed an amended complaint, again alleging breach of contract and unjust enrichment claims against defendant. After the extended discovery ended, defendant again moved for summary judgment, arguing plaintiffs' claims were barred by both the SOL and the Statute of Frauds.

At the hearing, the trial court determined that plaintiffs' $140,000 check loan, $50,000 cash loan, along with the $25,000, $7,500 and $5,000 cash loans

---

[1] While not listed as a plaintiff in the initial complaint, Emily Morrison was added as a named plaintiff in the amended complaint since she was the one who provided the money used for the loans. Morrison had loaned the funds initially to TJN and Noon who then loaned them to defendant.

to defendant were all barred by the SOL under N.J.S.A. 2A:14-1.  The court

found:

> The check from November 3rd of 2015 is outside the [SOL].  Six years from that date would be November 3 of 2021.  And again, the complaint wasn't filed until August of 2023.
>
> With regard to the alleged cash loans, again the certification of Mr. Noon indicates that they were made at subsequent times during 2016.  Well that too would be outside the [SOL].  Because any time in 2016 would require that the complaint be filed in 2022.  And again, it was filed in August of 2023.
>
> But his certification says that they were also made, in addition to sometime during 2016, he says and 2017.  With no dates provided whatsoever in 2017 of when any of the cash loans were made.  Well, any cash loan that was made before August 15th of 2017, which would be six years before the complaint was filed on August 15th of 2023, would be barred by the statute of limitation[s].  Any that was loaned after August 15th of 2017 would potentially fall within the six[-]year period.  But the plaintiffs have not provided any specific information. And the plaintiffs would be the ones who would be in possession of this information.

When discussing whether any of the alleged 2017 cash loans fell within the SOL,

the court noted:

> It's been seven months since I permitted discovery on this issue and no specific information by way of bank record or any other source has been provided, other than this net statement by Mr. Noon that the cash loans were

A-1182-24

made subsequent to the one check at unspecified times during 2016 and 2017.

. . . .

[I]f the loan occurred after August 15th of 2017, it potentially could have been within the statute of limitations but no specific information has been provided. This is why I gave the parties time to engage in discovery. And certainly there was enough time for Mr. Noon to offer more specific information than just a year as to when he loaned this money.

Further, the trial court determined that N.J.S.A. 2A:14-24 did not toll the SOL to allow the court to consider plaintiffs' claims. The court found that "[defendant's] text message certainly is not a promise that he's going to pay [the loans] back." The court further found:

Drawing all reasonable inferences in favor of the plaintiffs that whatever money the defendant . . . was referring to in his August 2020 text message referred to any of these alleged loans . . . it certainly does not meet either the statutory language or the common law language that [defendant's] agreement to pay back [the loan] was unconditional and unqualified.

The trial court found plaintiffs' breach of contract claim fell outside the SOL and dismissed their amended complaint with prejudice.

Plaintiffs moved for summary judgment dismissing defendant's counterclaims. The trial court granted plaintiffs' motion for summary judgment and dismissed defendant's counterclaims with prejudice.

6

On appeal, plaintiffs argue the SOL was revived by defendant's "[p]artial [p]ayment and [p]romise to [p]ay" in his August 2020 text message to Noon.

II.

Our review of a trial court's grant of a motion for summary judgment is de novo, applying the same standards the trial court used.  In re Est. of Jones, 259 N.J. 584, 594 (2025).  A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to judgement or order as a matter of law."  Green v. Monmouth Univ., 237 N.J. 516, 529 (2019) (quoting R. 4:46-2(c)).  We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  Jones, 259 N.J. at 594 (quoting Padilla v. Young Il An, 257 N.J. 540, 547 (2024)).  "[A] trial judge's 'interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.'"  Comprehensive Neurosurgical, P.C. v. Valley Hosp., 257 N.J. 33, 80 (2024) (quoting Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019)).

A-1182-24

We review whether a cause of action is barred by the statute of limitations de novo. Save Camden Pub. Schs. v. Camden City Bd. of Educ., 454 N.J. Super. 478, 487 (App. Div. 2018) (citing Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (App. Div. 2016)).

### III.

Plaintiffs argue the trial court erred by granting defendant summary judgment based on the SOL. Plaintiffs contend defendant's August 2020 message to Noon created an exception to the six-year SOL, as an "acknowledgement or new promise" by defendant which tolls the SOL under N.J.S.A. 2A:14-24. Plaintiffs suggest the trial court "employ[ed] an inapplicable standard," under N.J.S.A. 2A:14-24 and misplaced reliance on Denville Amusement Co, v. Fogelson, 84 N.J. Super. 164 (App. Div. 1964), in finding plaintiffs' breach of contract claim was barred.

### A.

We first consider whether plaintiffs' breach of contract claim is barred by the SOL. N.J.S.A. 2A:14-1(a) states in relevant part:

> Every action at law . . . for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced

> within six years next after the cause of any such action shall have accrued.
>
> [(Emphasis added).]

"[T]he determination of when a cause of action accrues is a question of law for the court." Kendall v. Hoffman-La Roche, Inc., 209 N.J. 173, 206 (2012) (Wefing, J., dissenting) (citing Baird v. Am. Med. Optics, 155 N.J. 54, 65 (1998)).

"Where there is no time stated between debtor and creditor as to when payment of a money obligation shall be due, it is deemed payable on demand." Denville Amusement Co., 84 N.J. Super. at 169 (citing Green v. Richards, 23 N.J. Eq. 32, 34-35 (Ch. 1872), aff'd, Richards v. Green, 23 N.J. Eq. 536, 540 (E. & A. 1872)). "A cause of action based upon a money obligation which is payable on demand is deemed to accrue at the time of the loan." Ibid. (citing DeRaismes v. DeRaismes, 70 N.J.L. 15, 18-19 (Sup. Ct. 1903), aff'd, 71 N.J.L. 680 (E. & A. 1905)).

The record shows plaintiffs loaned defendant $140,000 by check on November 3, 2015. Accepting Noon's certification as true, plaintiffs next loaned defendant $50,000 cash in mid-2016. As for the $25,000, $7,500, and $5,000 cash loans, Noon testified in his deposition these were made at various times during 2016 and 2017.

Based on Noon's testimony, none of the five loans plaintiffs made to defendant had a repayment date. It follows that they are deemed payable on demand. See Denville Amusement Co., 84 N.J. Super. at 169. Since the loans are payable on demand, plaintiffs' cause of action accrued, under N.J.S.A. 2A:14-1(a), at the time each loan was made to defendant. See ibid.

The cause of action for the $140,000 check loan accrued on November 3, 2015. To fall within the six-year SOL after November 3, 2015, plaintiffs had to file their complaint by November 3, 2021. The cause of action for the $50,000 cash loan accrued in mid-2016. To be within the six-year SOL after mid-2016, plaintiffs had to file their complaint by mid-2022. Finally, the cause of action for the $25,000, $7,500, and $5,000 cash loans accrued, according to plaintiff, at some point during 2016 and 2017. Plaintiffs filed their breach of contract claim against defendant on August 15, 2023. As a result, claims regarding the $140,000 check, $50,000 cash, and the other loans made in 2016 would ultimately be barred by the six-year SOL under N.J.S.A. 2A:14-1.

The remaining SOL issue is with the cash loans plaintiffs alleged they made in 2017, which could fall within the SOL.

It is well-settled that "a motion for summary judgment can be approved when the party opposing the application is in control of the information sought."

A-1182-24

Friedman v. Martinez, 242 N.J. 449, 472 (2020).  Further, "[w]hen both parties to an action 'move[] for summary judgment, one may fairly assume that the evidence was all there and the matter was ripe for adjudication." Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 450 (2007) (second alteration in original) (quoting Morton Int'l, Inc. v. Gen. Accident Ins. Co. of Am., 266 N.J. Super. 300, 323 (App. Div. 1991)).

Here, plaintiffs control the relevant information, and they failed to provide evidence of the date these loans were made, even after the trial court permitted discovery expressly for this purpose.  Given the multiple summary judgment applications, we are confident that the parties assembled all available evidence. Plaintiffs provided no evidence beyond their general allegations and Noon's deposition that some loans could have been made in 2017.  Without evidence of when these loans were made to defendant, Noon's testimony is best characterized as self-serving, and insufficient to defeat a summary judgment motion.  See Hoffman v. AsSeenOnTV.Com, Inc., 404 N.J. Super. 415, 425-26 (App. Div. 2009).  Therefore, without more, plaintiffs' breach of contract claim is  barred under the SOL.

A-1182-24

B.

We next turn to whether defendant's 2020 message to Noon and subsequent payments constituted a partial payment and promise to pay, tolling the SOL pursuant to N.J.S.A. 2A:14-24.  The statute reads:

> In actions at law grounded on any simple contract, no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract, so as to take any case out of the operation of this chapter, or to deprive any person of the benefit thereof, unless such acknowledgement or promise shall be made or continued by or in some writing to be signed by the party chargeable thereby.

Here, defendant's repayment message to Noon states, "I get you what I can when I see you."  He next tells Noon,  "[y]ou want to come get payments from me, I have no problem with you getting you what I am.  [sic]."

Plaintiffs argue that defendant's statements to Noon constitute a promise to pay the debt, and with defendant's payments to plaintiffs totaling $3,600, this tolled the SOL under N.J.S.A. 2A:14-24.  We are unpersuaded.

We have long held that "[i]n addition to the requirement of a writing it is also necessary that the acknowledgement relied upon be such as in its entirety fairly supports an implication of a promise to pay the debt <u>immediately</u> or <u>on demand</u>."  <u>Denville Amusement Co.</u>, 84 N.J. Super. at 170 (citing <u>Bassett v. Christensen</u>, 127 N.J.L. 259, 261 (E. & A. 1941)).  Further, "[t]o constitute a

promise to pay sufficient to remove the bar of the statute of limitations the promise must be <u>unconditional and unqualified</u>." <u>Evers v. Jacobsen</u>, 129 N.J.L. 89, 91 (E. & A. 1942) (emphasis added) (citing <u>Parker v. Butterworth</u>, 46 N.J.L. 244 (E. & A. 1884)). It follows that we must determine whether defendant's text to Noon in August 2020 constituted an "unconditional and unqualified" promise to pay his debt "immediately or on demand."

Defendant's statements do not reflect an "unconditional and unqualified" promise to pay his debt to Noon "immediately or on demand." Rather, defendant's message evinces a promise to pay his debt to plaintiffs with "what [he] can when [he] see[s] [Noon]. . . ." Defendant's statements are similar to the defendant in <u>Evers</u>. In <u>Evers</u>, the Court of Errors and Appeals granted defendant summary judgment regarding five promissory notes which had fallen outside of the SOL. 129 N.J.L. at 90. The plaintiff argued the defendant's letter to them, along with a $25 payment outside of the SOL, constituted a promise to pay, tolling the SOL. <u>Ibid.</u> The Court of Errors and Appeals concluded that "defendant's letter . . . in which he promised 'to send you more as and when I can[,]' . . . clearly [was] not an unconditional promise to pay." <u>Id.</u> at 91.

Given our reading of <u>Denville Amusement Co.</u> and <u>Evers</u>, we conclude defendant's message to Noon was not an "unconditional and unqualified"

13

promise to pay his debt "immediately or on demand." It follows that we conclude defendant's 2020 statements do not toll the SOL under N.J.S.A. 2A:14-24.

C.

We note that the trial court did not address plaintiffs' unjust enrichment claim when it dismissed plaintiffs' complaint. Further, the record shows plaintiffs failed to object to this omission below and failed to address the issue in their merits brief. When a party does not brief an issue on appeal it is deemed abandoned. In re Eames, 481 N.J. Super. 601, 609 (App. Div. 2025). However, under the plain error rule,

> [a]ny error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result, but the appellate court may, in the interests of justice, notice plain error not brought to the attention of the trial or appellate court.
>
> [R. 2:10-2.]

We consider the merits of plaintiffs' unjust enrichment claim for the sake of completeness. Like plaintiffs' breach of contract claim, this claim falls outside the six-year SOL provided by N.J.S.A. 2A:14-1. Our unjust enrichment jurisprudence calls employment of a "last rendition of services" test to determine when such a claim accrues. Baer v. Chase, 392 F.3d 609, 622 (3rd Cir. 2004)

14

(citing <u>Rabinowitz v. Mass. Bonding & Insurance Co.</u>, 119 N.J.L. 552, 557 (1938)). Under this test, an unjust enrichment claim accrues when plaintiff last rendered the services which form the basis of their claim. <u>Ibid.</u> Plaintiffs' claim fails here for the same reasons their breach of contract claims failed. The record shows that those claims accrued on various dates in 2015 and 2016 when the loans were made. It naturally follows that, for plaintiffs' unjust enrichment claims to be within the statute of limitations, plaintiffs would have been required to file their claims by 2022. We again note that plaintiffs provided no evidence that some loans could have been made in 2017. Like the breach of contract claims, without evidence of when these loans were made to defendant, such assertions are insufficient to defeat a summary judgment motion. We conclude there is no plain error here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1182-24