**William PERKINS, Plaintiff,**

v.

**NEW JERSEY DEPARTMENT OF LABOR, DIVISION OF WORKERS COMPENSATION, Defendant.**

No. 94–CV–1087.

United States District Court, E.D. Pennsylvania.

April 11, 1994.

William R. Perkins, pro se.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This matter arises from the filing of plaintiff's *pro se* complaint on February 16, 1994 alleging claims against the New Jersey Department of Labor—Workers Compensation Division ("NJDOL"). The handwritten complaint, which alleges that various attorneys and workers compensation judges deprived plaintiff of his rights, fails to set forth any legal basis for plaintiff's claims. This Court ordered plaintiff to appear at a hearing on April 6, 1994, to show cause why his complaint should not be dismissed as frivolous. *See* 28 U.S.C. § 1915(d) (court can dismiss *pro se* complaint if it is frivolous); *United States ex rel. Walker v. Fayette County*, 599 F.2d 573, 574–75 (3rd Cir.1979) (district court can dismiss *pro se* complaint without a motion to dismiss if it fails to state a claim upon which relief is granted and is deemed frivolous).

At the hearing to show cause, this Court made the following determinations:

### Findings of Fact

It appears that sometime in 1990, plaintiff was injured while working for Superior Bakers in Atlantic City, New Jersey. He was also injured while working at the Atlantic City Convention Center in New Jersey. The exact extent of plaintiff's injuries is unknown, although he claims that he received treatment for leg injuries and alleges in his amended complaint that his left knee was swollen.

Apparently, plaintiff received treatment from various doctors for these injuries. However, he claims that he was never told that his medical bills had been paid, when in fact they had been paid by both ITT Hartford which is located in New Jersey and PMA, another insurance carrier. He also claims that he never received any money. As in the complaint, at the hearing plaintiff listed several persons in connection with this action who allegedly deprived him of his rights, such as various workers compensation judges and past attorneys who represented him.[1] Plaintiff claims that these people lied to him regarding his lawsuits and that they willfully sought to stop him from receiving his treatment and monetary benefits. Finally, plaintiff states that he filed suit in this Court because he has sought relief in several other places and has been denied, and because Frances Konscoll, an insurance adjuster for ITT, is located in Philadelphia. At the hearing, plaintiff stated that he was seeking this Court to make sure NJDOL complies with the insurance laws. He also wants the money that has been denied to him.

### Discussion

A claim is frivolous if it lacks an arguable basis in fact or in law. *Neitzke v. Williams*, 490 U.S. 319, 323–25, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989) (cited in *Rice v. Martelli*, Civ.A. No. 94–984, 1994 WL 57218, at 1 (E.D.Pa. Feb. 22, 1994)). If a claim is fanciful or describes "fantastic or

1. Plaintiff has filed at least nine actions in the U.S. District Court for the Eastern District of Pennsylvania alone with regard to the present matter, and has sued various parties such as the Union for Superior Bakers, the Atlantic City Hospital, Attorney Jeffrey Shepherd, etc. Many of these have been dismissed as frivolous.

delusional scenarios," then it is factually baseless. *Rice,* 1994 WL 57218, at 1 (citing *Neitzke,* 490 U.S. at 323–25, 109 S.Ct. at 1830–1831). Further, if it states an inarguable legal conclusion, it lacks a basis in law. *Rice,* 1994 WL 57218, at 1.

 Based on the above, we must dismiss plaintiff's complaint as being frivolous. The only named defendant in this action is the New Jersey Department of Labor—Workers Compensation Division. It is not clear what monetary benefits plaintiff is actually seeking, whether it is workers compensation benefits or insurance benefits. However, plaintiff has not demonstrated how he has been harmed, other than to assert that various people have deprived him of his rights. More importantly, he has not demonstrated how NJDOL has deprived him of his rights.

Even if plaintiff had successfully stated a claim, this Court would still lack jurisdiction over this matter. There is no personal jurisdiction over defendant because there are no minimum contacts present with the state of Pennsylvania. The accidents took place in New Jersey, and defendant is located in New Jersey. There is no evidence that defendant purposefully availed itself of the privilege of conducting activities within Pennsylvania, or that there is a substantial connection with Pennsylvania other than the fact that plaintiff resides in this state. *See Lynch v. New Jersey Auto. Full Ins. Underwriting Ass'n,* 762 F.Supp. 101, 103–04 (E.D.Pa. 1991); *PPG Indus., Inc. v. Systonetics, Inc.,* 614 F.Supp. 1161, 1164–65 (E.D.Pa.1985).

This Court also lacks subject matter jurisdiction because there is no federal question at issue, and diversity of citizenship is improper because there is no indication that the amount in controversy requirement has been satisfied. *See* 28 U.S.C. §§ 1331, 1332. Finally, in the event that plaintiff is seeking review of a denial of workers compensation benefits, he must first exhaust his administrative remedies before any court has jurisdiction. *See e.g. Kinley Physical Therapy v. Kramer,* 256 N.J.Super. 355, 606 A.2d 1163, 1166–67 (1992). Thus, for all the above rea-

sons, this case must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).