**In re Johnnie W. ROBINSON.**

**Bankruptcy No. 94–42447 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Feb. 16, 1996.

**460**

Johnnie W. Robinson, pro se.

David Coop, Chapter 13 Trustee.

Chancery Clerk, Support Division, Gayle Sipes, Deputy Prosecuting Attorney, Little Rock, AR.

Claibourne W. Patty, N. Little Rock, AR, for Scroggins.

### ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a Notice of Appeal and an Application to Proceed *In Forma Pauperis*, ("the application") filed on February 7, 1996.[1] On February 1, 1996, this Court entered Orders in the main bankruptcy case as well as two separate adversary proceedings, *Robinson v. Plegge*, No. 96–4006 and *Robinson v. Taylor's Used Cars*, No. 95–4020. Specifically, the Court dismissed the case *Robinson v. Plegge* and determined that the Bankruptcy Case and *Robinson v. Taylor's Used Cars* would remain dismissed. On February 7, 1996, the debtor

filed a notice of appeal combining the captions of all three cases into a single caption and misstating one of the case numbers. From the statement in the Notice, it appears that the debtor seeks to appeal only the portion of Order striking scandalous statements. These facts together with the garbled language of the notice make it difficult to determine which proceeding[2] is appealed by the single notice. In light of the debtor's *"pro se"* status, the clerk will be directed to file the notice in each of the three files in order to preserve the debtor's right to appeal the three separate proceedings. However, the debtor will be required to pay a separate filing fee for each appeal he chooses to pursue.

The debtor requests that he be permitted to file the appeal without payment of the filing fee or other costs associated with the appeal. While it is unclear that *in forma pauperis* status is available in bankruptcy appeals, *compare In re Meuli*, 162 B.R. 327, 329 (Bankr.D.Kan.1993) (*in forma pauperis* status available) and *In re Brickey*, 119 B.R. 786 (Bankr.D.Ore.1990) (§ 1930 excepts application of § 1915 in bankruptcy cases, including appeals), the Court will address the merits of the application.

Section 1915 provides that the Court may authorize an appeal without prepayment of the required fee upon affidavit that the applicant is unable to pay such costs. However, if the trial court certifies that the appeal is not taken in good faith, *in forma pauperis* status is unavailable. Analysis under section 1915 thus has two prongs: the applicant must demonstrate an inability to pay and objective good faith in the appeal. *Martin–Trigona v. Stewart*, 691 F.2d 856 (8th Cir.1982).

The Court finds that the application must be denied because the debtor has the ability to pay the requisite filing fees and because the affidavit submitted in support of the ap-

---

1. While the Notice of Appeal is timely as to the main bankruptcy case and the Adversary Proceeding *Robinson v. Plegge*, No. 96–4006, it is questionable whether the appeal is timely as to the Adversary Proceeding *Robinson v. Taylor's Used Cars*, No. 95–4020 inasmuch as that case was settled in October 1995 and the file closed one month prior to the debtor's motions, filed on January 4, 1996.

2. Adversary proceedings are separate lawsuits from which separate appeals may lie. Accordingly, separate notices of appeal must be filed with regard to each separate adversary proceeding.

plication is false. As grounds for the application, he avers that he receives only $782 in social security benefits from which he must live, support his wife and two children, and make a payment to the Chapter 13 trustee. In addition, the debtor claims to own no real estate or automobiles. These averments directly conflict with his statements, signed under penalty of perjury, in his bankruptcy case. The debtor filed the instant case, his fourth petition in bankruptcy, on December 19, 1994, and, pursuant to the Bankruptcy Code and Rules, was under a continuing duty to advise the Court and the Chapter 13 trustee of any change in his financial status, including any changes of his income and expenses.

The most cursory review of the *in forma pauperis* petition indicates that the debtor has either lied in the application or filed a perjurious petition in bankruptcy. Indeed, every one of the averments on the application are contradicted by the schedules filed by the debtor in his bankruptcy case:

1. The schedules indicate that the debtor is unmarried and has no dependent children. Further, the relatively small amounts stated on his Schedule of expenses, including amounts for food and clothing, support the inference that he has no dependents.

2. The application avers that the debtor owns no real estate. The bankruptcy case file indicates that the debtor owns real property valued at $30,000, on which there is less than $11,000 debt.[3] Accordingly, the debtor not only owns real estate, he has a large amount of equity in the property.

3. The application avers that the debtor's income is $782 per month derived from social security benefits. The debtor's bankruptcy schedules aver that he receives $1,500 per month in social security benefits. Since no amendments to the schedules were filed, and the debtor twice *increased* his proposed payments to the Chapter 13 trustee, the Court can only infer that there was no diminution of income or increase in expenses during the bankruptcy case.

4. The application avers that he cannot pay the filing fee because his income is entirely consumed by his living expenses and his payment to the Chapter 13 trustee. However, since the case was dismissed in December 1995, there is no obligation to pay the trustee, leaving disposable income of $500 to $700 per month. The debtor's various plans averred an ability to pay the following amounts on a monthly basis: in December 1994 the plan payments were to be $646.56; In February 1994, $535.76; and March 1995, $722.80. The Court file indicates that the debtor made only a partial payment in September 1995 and the case was dismissed in December 1995 because the debtor failed to make further payments as required by his own plan and Orders of Court. Thus, the debtor has not had to pay the required $722 since December 1995, has not in fact paid the trustee since September 1995, and will not have to pay the trustee pending any appeal. His averment that he cannot pay the fee because he must make payments to the trustee is without merit.

From these facts it appears to the Court that the debtor not only has the ability to pay the fee, but also that application is false. Accordingly, the application to proceed *in forma pauperis* must be denied. *Cf. In re Anderson,* 130 B.R. 497 (Bankr.W.D.Mich. 1991) (bankruptcy schedules indicated ability to pay the fee).

 Alternatively, if the application is true, then the schedules filed in the bankruptcy case are false such that the bankruptcy as well as these appeals are filed in bad faith meriting denial of the application. *See* 28 U.S.C. 1915(a). Second, since the debtor states that the issue for appeal is that his insults to the Court should not have been stricken from his documents, the Court cannot find that the appeals are taken in objective good faith, *see Perkins v. New Jersey Department of Labor,* 154 F.R.D. 132 (E.D.Pa.1994), but rather, are frivolous. Third, for the reasons stated in the Court's Orders of February 1, 1996, the issues raised by the debtor are so objectively without mer-

---

**3.** The debtor's schedules claim that he owes only $5,110 on the house. The final report of the trustee indicates that the proof of claim filed by the mortgagee asserts a secured debt of a mere $10,863.00, leaving $19,000 of equity in the home.

it that an appeal of the February 1, 1996, Orders are frivolous.

 Finally, there is an additional ground for finding that the appeal in the separate adversary proceeding *Robinson v. Plegge,* No. 96–4006 is frivolous such that the application must be denied. As noted in the Court's Order dismissing that proceeding, the state court judge is immune from suit. The law on this issue is sufficiently well-settled that there is no basis for appealing that Order. *See Boyd v. Biggers,* 31 F.3d 279 (5th Cir.1994) (suit against judge dismissed pursuant to § 1915(d)).

**ORDERED** as follows:

1. The clerk is directed to place the original "Notice of Appeal" filed on February 7, 1996, and the original "Application to Proceed In Forma Pauperis" in the main bankruptcy file, and shall place copies of the Notice and of the Application in each of the two adversary proceedings, to wit: *Robinson v. Taylor's Used Cars,* AP No. 96–4006 and *Robinson v. Plegge,* AP No. 95–4020. The separate copies of the Notice and of the Application shall be treated in each file as a separate, original document for appellate purposes.

2. Despite any failure of the debtor to designate the Orders of February 1, 1996, from which he appeals, the clerk shall also forward a copy of this Court's Orders of February 1, 1996, in the main case as well as the adversary proceedings, together with this Order, to the U.S. District Court for the Eastern District of Arkansas at the appropriate juncture in the appellate process, *i.e.,* when the appeal is transmitted.

3. The Application to Proceed *In Forma Pauperis* is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a) that appeals in the main case and in the separate adversary proceedings, *Robinson v. Taylor's Used Cars,* AP No. 96–4006 and *Robinson v. Plegge,* AP No. 95–4020 are not taken in good faith.

4. Inasmuch as this bankruptcy case was dismissed in December 1995, there is no automatic stay in effect. 11 U.S.C. § 362.

5. In light of the debtor's purported *pro se* status and the imperfections in his Notice of Appeal, the debtor is hereby granted an extension to February 26, 1996, to pay the requisite filing fees and to file the documents required by Rule 8006, Federal Rules of Bankruptcy Procedure, in each of the separate appeals.

**IT IS SO ORDERED.**