722 A.2d 122 (1998)
MEDICAL DIAGNOSTIC ASSOCIATES, Plaintiff-Appellant,
v.
Paul HAWRYLUK, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued October 7, 1998.
Decided December 30, 1998.
*123 Steven Stadtmauer, West Orange, for plaintiff-appellant (Warren K. Stadtmauer, attorney, Clifton; Steven Stadtmauer, on the brief).
Dennis M. Baptista, Elizabeth, for defendant-respondent (Franz, Baptista & Garea, attorneys; John J. Sharkey, on the brief).
Before Judges STERN, BRAITHWAITE and WECKER.
The opinion of the court was delivered by BRAITHWAITE, J.A.D.
The issue presented is whether a provider of medical services should be able to maintain an action at common law for unpaid services when a defendant has a claim pending in the Division of Workers' Compensation (the "Division") and asserts that the unpaid medical services were incurred in connection with injuries compensable under the Workers' Compensation Act, N.J.S.A. 34:15-1 to -128 (the "Act"). Relying on our opinion in West Jersey Health System v. Croneberger, 275 N.J.Super. 303, 645 A.2d 1282 (App. Div.1994), plaintiff medical provider asserts that it can maintain the suit and obtain a judgment, but the execution of that judgment should be stayed pending the outcome of the workers' compensation proceeding. Defendant contends that the Law Division does not have jurisdiction over the matter while he has a claim pending in the Division, citing Kinley Physical Therapy Services v. Kramer, 256 N.J.Super. 355, 606 A.2d 1163 (Law Div.1992). The Law Division Judge followed Kinley and dismissed plaintiff's complaint without prejudice. We agree that the Law Division lacked jurisdiction while defendant's compensation claim was pending, but disagree that plaintiff's complaint should have been dismissed without prejudice. Plaintiff's complaint and all other papers filed in the Law Division should have been transferred to the Division pursuant to Rule 1:13-4. We therefore reverse the dismissal of plaintiff's complaint and remand this matter to the Law Division for an order transferring this matter to the Division.

I
The facts necessary to resolve this appeal are not in dispute. Defendant received medical treatment from plaintiff on various dates between July 2, 1993, and March 6, 1996. Plaintiff billed defendant $5,200 for these services, but defendant has not paid the bill. On June 9, 1994, defendant filed two claim petitions in the Division against two prior employers. Defendant sought benefits for a *124 "disability to kidneys, diabetes, lungs and internal disability" claiming that he was exposed to harmful chemicals and metals during his employment.
Because of defendant's failure to pay plaintiff's bill, it commenced this action in the Law Division, Special Civil Part, on January 23, 1997. Defendant failed to file an answer and a default judgment was entered in favor of plaintiff in the amount of $5,200. On April 22, 1997, defendant moved to vacate the default judgment and to dismiss plaintiff's complaint without prejudice. Plaintiff opposed the motion arguing that the default judgment should not be vacated because defendant failed to demonstrate excusable neglect or that he had a meritorious defense. Plaintiff also argued that Kinley should not be followed because it was overruled by Croneberger. Relying on Kinley, the motion judge granted defendant's motion, and dismissed plaintiff's complaint without prejudice.
Plaintiff then filed this appeal. Defendant moved to dismiss the appeal asserting that it was interlocutory because the order dismissing plaintiff's complaint without prejudice was not a final one. We denied defendant's motion.

II
The Act is a form of remedial legislation designed to "relieve the injured employee of the burden of paying for his own medical care and to replace his lost wages." 38 New Jersey Practice § 1.1, at 1 (John L. Gelman) (2d Ed. 1994). The Division has original and exclusive jurisdiction over claims for workers' compensation benefits. N.J.S.A. 34:15-49. Additionally, the Act's "election surrender" provision, N.J.S.A. 34:15-8, abrogates the employee's and employer's common law rights against each other with respect to injuries covered by the Act.
The Act requires employers to provide medical treatment to injured employees. N.J.S.A. 34:15-15. The "duty to provide adequate and proper medical treatment is ... absolute." Benson v. Coca Cola Co., 120 N.J.Super. 60, 66, 293 A.2d 395 (App.Div. 1972). If an employer refuses to provide medical treatment, the employee may obtain treatment on his own. N.J.S.A. 34:15-15. The ability to independently seek treatment is conditioned upon the employee making a demand on the employer to provide such treatment. Ibid. Demand is not required in emergencies, when the employer has knowledge of the injury and neglects to act, or when "the circumstances are so peculiar" that the medical expenditures incurred by the employee are justified in the opinion of the Division. Ibid. In these circumstances the employer is obligated to pay the costs of the employee's treatment. Ibid. The employer, however, is only responsible for the fees and charges that are "reasonable and based upon the usual fees and charges which prevail in the same community for similar physicians', surgeons' and hospital services." Ibid. An employee seeking payment of medical bills for injuries covered by the Act, must seek relief in the Division "and a suit at common law cannot be maintained." Rothfuss v. Bakers Mut. Insurance Co., 107 N.J.Super. 189, 193, 257 A.2d 733 (App.Div. 1969); N.J.S.A. 34:15-8.
As noted, supra, the Act is a form of remedial legislation. As a result, when courts interpret the Act it "should be given liberal construction [in favor of the employee] in order that its beneficent purposes may be accomplished." Torres v. Trenton Times Newspaper, 64 N.J. 458, 461, 317 A.2d 361 (1974).
The ultimate purpose of the [Act] is to provide a dependable minimum of compensation to insure security from want during a period of disability. It is the understanding of most workers that the benefits of the [Act] apply to accidents arising out of and in the course of their employment. Consistent with its humanitarian ideals, our [Act] has always been liberally construed in favor of coverage.
[Naseef v. Cord, Inc., 48 N.J. 317, 325-24, 225 A.2d 343 (1966) (citation omitted).]

III
Kinley and Croneberger are the only two reported opinions in this State that address *125 the issue presented in this appeal. The facts of this case are very similar to those in Kinley. There, the medical provider filed suit against defendant Kramer for payment of its bill while he had a workers' compensation claim pending. Kramer did not answer Kinley's complaint and a default judgment was entered in the amount of $742.25, the amount billed for medical services.
Kramer moved to vacate the default judgment and to dismiss Kinley's complaint arguing that because the medical expenses were incurred for a work related injury and while his compensation claim was pending, the Law Division did not have jurisdiction to decide the matter. In ruling on Kramer's motion, the judge stated:
It is true that medical providers are not included in the Election Surrender Statute. However, a detailed review of the Workers' Compensation Act, relevant case law, and the policy underlying judicial review of administrative agencies, indicates that the proper forum for this action is the Division of Workers' Compensation.
[Kinley, supra, 256 N.J.Super. at 357, 606 A.2d 1163.]
The judge then transferred the matter to the Division with the instruction that if the Division determined that defendant's claim was not compensable, the court would then hear and decide the matter on the merits.
Croneberger also involved a suit by a medical provider, West Jersey Health Systems ("West"), against defendant Croneberger for unpaid medical bills. Croneberger filed a claim for workers' compensation benefits against his employer who did not carry workers' compensation insurance. The Division determined that Croneberger's claim was compensable and ordered the employer to pay benefits which included West's bill. The employer's "failure to carry insurance delayed the resolution of the claim in the Division and the award of compensation. The award was [eventually] reduced to a Superior Court judgment and execution against [the employer] issued." Croneberger, supra, 275 N.J.Super. at 306, 645 A.2d 1282.
Thereafter, West commenced litigation against Croneberger for the unpaid bill. Croneberger filed an answer and moved for summary judgment arguing that West's action was barred by the Act. In the alternative, Croneberger moved to file a third-party complaint against his employer and its president, the company's sole stockholder. West cross-moved for summary judgment. The Law Division judge granted West's motion ruling that the Act had no effect on West's rights and denied Croneberger's motion to join his employer and the company president as third-party defendants.
On appeal we agreed with the Law Division judge that the Act did not eliminate "the contractual liability between an injured employee and a provider of medical services." Id. at 307, 645 A.2d 1282. We also concluded, however, that Croneberger was entitled to file a claim with the Uninsured Employer's Fund (the "UEF"), N.J.S.A. 34:15-120.1 to -120.14, and West's judgment would be stayed until the claim was processed and either paid or denied. In protecting Croneberger's interests, we held that payment must first be sought from the UEF before he would be obligated to pay. In protecting West's interests, we held that it could obtain payment by way of execution on the judgment it obtained in the Law Division, but only if the UEF did not pay the claim. We also reversed the Law Division order denying defendant's motion to join the president as a third-party defendant. There was no need to join the employer because judgment had already been entered against it.
We conclude that Croneberger is not dispositive of this appeal. There, the result was driven by the facts and posture of the case when it reached us on appeal. The most significant fact was that there was no pending claim for benefits in the Division. The Division had already determined that the employer was responsible for Croneberger's medical bills. Furthermore, the employer did not carry workers' compensation insurance. As a result, judgment was entered in favor of West, but stayed, to be executed on only in the event the UEF did not pay the claim. The president, sole stockholder, of the employer was joined in the suit because he would be personally responsible for the payment of Croneberger's medical bills.
*126 Croneberger did not overrule Kinley, as plaintiff maintains. The two decisions can be read together without conflict. In Croneberger, we quoted the following language from Kinley with approval:
[I]t follows that a medical provider may only press a claim against an employee after the Division of Workers' Compensation determines the treatment to be non-compensable. "While the compensation proceedings are in progress, if it turns out that the claim was not compensable, and that the employee is to be ultimately liable for the fees, the physician or hospital has been protected by a holding that the statute of limitations is tolled during the pendency of the claim."
[Croneberger, supra, 275 N.J.Super. at 309, 645 A.2d 1282.]
Kinley stands for the proposition that the Act benefits employees by prohibiting a medical provider from suing at common law for the payment of its bill, while a claim for workers' compensation benefits is pending in the Division. The result was that the medical provider's suit was transferred to the Division for determination along with the employee's claim for benefits. Only if the employee's claim was determined not to be compensable would the matter be subsequently decided in the Law Division.
Croneberger, on the other hand, presented a scenario in which compensability had already been determined by the Division prior to the medical provider suing and obtaining a judgment in the Law Division. Croneberger was further complicated by the employer's failure to carry workers' compensation insurance. We therefore directed Croneberger to file a claim with the UEF. At that time, there was no proceeding pending in the Division. With no employee claim pending in the Division, there was no basis to transfer West's claim there for the payment of its bill.

IV
We are satisfied that under the circumstances present here, the holding in Kinley is a correct one and plaintiff's complaint should have been transferred to the Division. Rule 1:13-4 provides:
(a) On Motion. Subject to the right to be prosecuted by indictment, if any court is without jurisdiction of the subject matter of an action or issue therein or if there has been an inability to serve a party without whom the action cannot proceed as provided by R. 4:28-1, it shall, on motion or on its own initiative, order the action, with the record and all papers on file, transferred to the proper court, or administrative agency, if any, in the State. The action shall then be proceeded upon as if it had been originally commenced in that court or agency.
We agree with Croneberger that the Act does not eliminate the contractual liability between defendant and plaintiff. Croneberger, supra, 275 N.J.Super. at 307-08, 645 A.2d 1282. Having said that, however, does not mean that medical providers have an absolute right to maintain suits at common law for damages against injured employees who have compensation claims pending. "[P]arties who furnish medical or hospital services to employees were intended to have enforceable rights to reimbursement by employers under R.S. 34:15-15 in [workers'] compensation proceedings." Stafford v. Pabco Products, Inc., 53 N.J.Super. 300, 305, 147 A.2d 286 (App.Div.1958).
"The clear legislative intent of the Act is that an employee should not have to pay for medical treatment for injuries arising out of and in the course of employment unless there is no other available source of payment. [T]he employee is the last source of payment for work-connected medical expenses." Croneberger, supra, 275 N.J.Super. at 308, 645 A.2d 1282 (citations omitted).
We acknowledge, however, that permitting a medical provider to obtain a judgment and staying the execution of the judgment pending the decision of the Division would achieve the same result. Under that scenario, if the Division determined that the claim was compensable, then the medical provider could present his judgment to the Division for payment. If, however, the claim was found not compensable, the medical provider would then execute on the judgment. Although this procedure would make the employee the last source of payment, it would *127 undermine the purpose of the Act to protect employees in two ways. First, the employee would be litigating two cases simultaneously in different forums. The employee would be a petitioner in the Division and a defendant in the common law action. Second, in litigating the matters simultaneously, the employee could be faced with taking contradictory positions. In the Division the employee would assert that the medical treatment and the fees therefore were necessary and reasonable. In the common law action, the employee may claim that the treatment was necessary but the fees charged therefore are unreasonable.[1] We recognize that the scenario we posit is hypothetical, but it convinces us that it is more prudent to transfer the medical provider's claim to the Division to avoid the potential of an injured employee maintaining contradictory positions.
By transferring the medical provider's suit to the Division, all the parties necessary for a just determination are present in one proceeding. The medical provider can have its bill paid by the employer if the employee's claim is found to be compensable. Moreover, transferring the matter furthers the public policy of this State that to the extent possible, "all aspects of a legal dispute occur in a single lawsuit" or proceeding. Olds v. Donnelly, 150 N.J. 424, 431, 696 A.2d 633 (1997). Such a procedure "promote[s] judicial efficiency, assure[s] fairness to all parties with a material interest in an action, and encourage[s] the conclusive determination of a legal controversy." Ibid. Furthermore, having the medical provider's suit transferred to the Division is consistent with the language of N.J.S.A. 34:15-15, which contemplates that a medical provider may file a petition with the Division on behalf of an employee when the need for medical services exceeds $50. N.J.S.A. 34:15-15.
We conclude that permitting the medical provider to maintain a suit, obtain a judgment, and to thereafter stay the execution of that judgment pending the outcome of a compensation proceeding is an inefficient use of judicial resources. After the common law proceedings, if the employee's claim is found to be compensable in the Division, the judgment will have to be presented to the Division by way of motion, N.J.A.C. 12:235-5.3, with notice to all parties, particularly the employer, since the employer would be responsible for payment. Due process dictates that the employer have an opportunity to challenge the reasonableness and necessity of the bill because he would not have the opportunity to do so in the common law action where he would not and could not be a party. Rothfuss, supra, 107 N.J.Super. at 193, 257 A.2d 733.
Further, the determination that the bill was "necessary to cure and relieve the worker of the injury" is a determination that can only be made in the Division. N.J.S.A. 34:15-15. Any challenge by the employer to the reasonableness or necessity of the bill might result in a second trial, particularly if common law action had been tried first. We conclude that the proper forum is the Division, where there will be one proceeding with all the necessary parties participating before the tribunal particularly suited to decide the controversy. If the Division determines that the employee's claim is not compensable, then the matter will be returned to the Law Division for determination.

V
Finally, we deem it appropriate to discuss the statute of limitations issue in the event the Division determines that the employee's claim is not compensable. Plaintiff asserts that if medical providers are not allowed to bring suit in the Law Division, there is the potential that their claims will be barred by the statute of limitations. The statute of limitations is six years. See N.J.S.A. 2A:14-1. We note that there is no statutory provision tolling the statute of limitations on the medical provider's claim while an employee's claim is pending in the Division. We are satisfied, however, that if a *128 medical provider's suit is transferred to the Division, as we hold today, the complaint will have been timely filed. In future cases in which the medical provider proceeds directly in the Division the statute of limitations will be tolled during the period that the matter is pending in the Division.
At the outset we note that statutes of limitations are not self-executing. Such statutes are based on the goals of achieving security and stability in human affairs and ensuring that cases are not tried on the basis of stale evidence. Because they are based on these specific policies, they must be raised as affirmative defenses, subject to judicial modification in appropriate circumstances. Mechanistic application of such statutes could unnecessarily sacrifice individual justice in particular circumstances.
A just accommodation of individual justice and public policy requires that in each case the equitable claims of opposing parties must be identified, evaluated and weighed. Whenever dismissal would not further the legislature's objectives in prescribing the limitations, the plaintiff should be given an opportunity to assert his claim.
[Zaccardi v. Becker, 88 N.J. 245, 256, 440 A.2d 1329 (1982)(quoting Galligan v. Westfield Centre Service, 82 N.J. 188, 193, 412 A.2d 122 (1980)) (citations omitted).]
The above language expresses the doctrine of equitable tolling. It would be inequitable to apply the statute of limitations in these circumstances where the medical provider pursued his administrative remedy in a timely fashion. See Kaczmarek v. New Jersey Turnpike Authority, 77 N.J. 329, 343-44, 390 A.2d 597 (1978).

VI
We reverse the order dismissing plaintiff's complaint and remand the matter to the Law Division for the entry of an order transferring the matter to the Division pursuant to Rule 1:13-4.
NOTES
[1] "It is clear that where there is an express agreement [between medical provider and patient] as to the sum to be paid, that is the amount the [medical provider] is entitled to but no more. Where there is no fixed sum agreed upon, the legal implication is that the [medical provider] is entitled to a reasonable fee." 10 Williston on Contracts § 1286A (3d ed. 1967). Under the latter scenario, the reasonableness of the fee would be for the trier of fact.