NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5597-16T1
A-5603-16T1
A-5604-16T1
A-0151-17T1
A-0152-17T1

THE PLASTIC SURGERY CENTER,
PA,

      Plaintiff-Appellant,

v.

MALOUF CHEVROLET-CADILLAC,
INC.,

      Defendant-Respondent.

_____

THE PLASTIC SURGERY CENTER,
PA,

      Plaintiff-Appellant,

v.

LEONE INDUSTRIES,

      Defendant-Respondent.

_____

THE WOODS O.R., INC.,

      Plaintiff-Appellant,

APPROVED FOR PUBLICATION

January 17, 2019

APPELLATE DIVISION

v.

LEONE INDUSTRIES,

    Defendant-Respondent.
_____

STEVEN J. PARAGIOUDAKIS, M.D.,

    Plaintiff-Appellant,

v.

CAFÉ BAYOU,

    Defendant-Respondent.
_____

MARC MENKOWITZ, M.D.,

    Plaintiff-Appellant,

v.

CAFÉ BAYOU,

    Defendant-Respondent.
_____

          Argued November 27, 2018 – Decided January 17, 2019

          Before Judges Fisher, Suter and Geiger.

          On appeal from the New Jersey Department of Labor
          and Workforce Development, Division of Workers'
          Compensation, Claim Petition Nos. 2014-28615, 2015-
          120, 2015-123, 2016-31914, and 2016-31913.

2

James A. Maggs argued the cause for appellants (Maggs & McDermott, LLC, attorneys; James A. Maggs, Sandra M. Guage and Benjamin D. Light, on the briefs).

Ann P. DeBellis argued the cause for respondent Malouf Chevrolet Cadillac, Inc. (Ann P. DeBellis, attorney; Ann P. DeBellis and David P. Kendall, on the brief).

David P. Kendall argued the cause for respondent Leone Industries (Ann P. DeBellis, attorney; Ann P. DeBellis and David P. Kendall, on the brief).

Steven J. Currenti argued the cause for respondent Café Bayou (Law Offices of William E. Staehle, attorneys; Steven J. Currenti, on the brief).

Susan Stryker argued the cause for amicus curiae Insurance Council of New Jersey (Bressler, Amery & Ross, PC, attorneys; Susan Stryker, of counsel; Susan Stryker and Michael J. Morris, on the brief).

Steven Stadtmauer argued the cause for amicus curiae RWJ/Barnabas Health, Hackensack Meridian Health and The Valley Hospital (Celentano, Stadtmauer Walentowicz, LLP, attorneys; Steven Stadtmauer, Nancy A. Cifalino and Kristen Ottomanelli, on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In 2012, the Legislature amended N.J.S.A. 34:15-15, granting the Division of Workers' Compensation (the Division) exclusive jurisdiction over

claims brought by medical providers for payment of services rendered to injured employees. These appeals, which we now consolidate, question whether, through its silence, the Legislature intended – via this 2012 amendment – to apply the two-year statute of limitations, N.J.S.A. 34:15-51, contained in the Workers' Compensation Act (the Act),[1] or whether the Legislature intended to leave things as they were and continue to apply the six-year statute of limitations for suits on contracts, N.J.S.A. 2A:14-1, to such claims. We conclude that subjecting medical-provider claims to the two-year time-bar would be like jamming a square peg into a round hole, and that to reinterpret the two-year time-bar to fit such claims would require the reshaping of the edges of this square peg contrary to principles of judicial restraint. So, we reverse the judgments that dismissed these medical-provider claims.

The details of these cases need not clutter this opinion. Each medical provider filed petitions in the Division for payment of services rendered to employees of the respondent employers. And each medical provider filed its claim more than two years from the date of each employee's accident but less

---

[1] N.J.S.A. 34:5-1 to -146.

than six years from the claim's accrual.[2]  In interpreting N.J.S.A. 34:15-15 so as to require application of the two-year time-bar of N.J.S.A. 34:15-51, the same compensation judge dismissed all these actions.  The medical providers appeal, arguing that the compensation judge misconstrued the significance of the 2012 amendment.

Before the 2012 legislative amendment that generated the question presented, a medical provider was entitled to file a collection action for payment of its services in the superior court and had no obligation to participate in a patient's pending compensation action.  See Univ. of Mass. v. Christodoulou, 180 N.J. 334, 350-51 (2004).  But, as the Court held in Christodoulou, when an employee pursues a claim in the Division for compensation benefits, a medical provider's Superior Court collection action "must be transferred" to the Division. Id. at 352.  The Court directed such transfers in the future not for jurisdictional reasons and not because of the then existing statutory framework but because such transfers vindicate the goals "of handling claims efficiently and avoiding

---

[2]  The triggering date for the time-bar in N.J.S.A. 34:15-51 is the date of the employee's accident but for the time-bar in N.J.S.A. 2A:14-1, it is the date of the action's accrual.

A-5597-16T1

duplication of efforts."  Ibid.  See also Med. Diagnostic Assocs. v. Hawryluk, 317 N.J. Super. 338, 350 (App. Div. 1998).

With an apparent intent to more formally herd all medical-provider claims into the Division,[3] the Legislature amended N.J.S.A. 34:15-15, declaring that "[e]xclusive jurisdiction for any disputed medical charge arising from any claim for compensation for a work-related injury or illness shall be vested in the [D]ivision."  The Legislature said nothing more, expressing no thought on whether it had also simultaneously altered the time within which a medical-provider claim must be commenced.  So, whether N.J.S.A. 34:15-15 implicitly incorporated a legislative intent to subject medical-provider claims to the statute of limitations contained within the Act, or whether the enactment left the timeliness of such actions as it existed prior to the amendment, is the primary issue in these appeals.

---

[3] In 2010, the Task Force on Medical Provider Claims, which was formed by the New Jersey Department of Labor and Workforce Development, issued a report observing that there had been an increase in medical billing disputes between insurers and medical providers and, consequently, a delay of such matters in the Division and a lack of uniformity in the administration and adjudication of such claims by the Division.  See N.J. Dep't of Lab. and Workforce Dev., Task Force on Med. Provider Claims (Nov. 8, 2010), which may be found at https://www.nj.gov/labor/forms_pdfs/wc/pdf/110810_TaskForce_MedicalProviderClaims.pdf.

When a dispute about a statute's meaning arises, a court's "paramount goal" is to ascertain the legislative intent; the "best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005). In examining a statute for its intended meaning, a court ascribes to the Legislature's words "their ordinary meaning and significance," and, when an enactment is "plainly-written," a court will not "rewrite" or "presume that the Legislature intended something other than that expressed by way of the plain language." Ibid. Not one of the participants to this appeal argues the 2012 amendment to N.J.S.A. 34:15-15 clearly or plainly expressed how the timeliness of medical-provider claims would thereafter be determined. There can be no doubt that the Legislature said nothing about changing the time-bar previously applicable to medical-provider claims. Instead, the participants offer only their surmisals of what they believe the Legislature's silence meant.

According to respondents – the employers in these workers' compensation matters – the 2012 amendment implicitly subjected the appellant medical providers' claims to the statute of limitations contained within the Act – a statute which requires that "[e]very claimant for compensation under [the Act]" submit a verified petition to the Division "within two years after the date on which the accident occurred." N.J.S.A. 34:15-51. They argue that because, with the 2012

amendment, medical providers must now commence their claims in the Division, N.J.S.A. 34:15-15, they thereby become – a fortiori – "claimants for compensation under [the Act]" and, so, their claims must be commenced within two years of "the accident"; in other words, in respondents' view, all those who seek relief in the Division are "claimants for compensation" and the claim of "[e]very claimant for compensation" is governed by the Act's two-year time bar. While this argument possesses some superficial appeal, appellants' argument that the Legislature did not likely intend that result is more convincing.

First, the fact that the Legislature did not simply express that the Act's two-year time bar would apply to medical-provider claims is alone persuasive of its more likely intent to leave things as they were. It was well-established long before the 2012 amendment that the timeliness of medical-provider claims was governed by the general six-year statute of limitations, N.J.S.A. 2A:14-1 (requiring that "[e]very action at law . . . for recovery upon a contractual claim . . . shall be commenced within 6 years next after the cause of any such action shall have accrued"). See Oldfield v. N.J. Realty Co., 1 N.J. 63, 66 (1948); Rabinowitz v. Mass. Bonding & Ins. Co., 119 N.J.L. 552, 557 (E. & A. 1938); Med. Diag. Assoc., 317 N.J. Super. at 350. And, there being no doubt about the application of N.J.S.A. 2A:14-1 to such claims by the time the Legislature acted

8

in 2012, we must assume that the Legislature understood this when amending N.J.S.A. 34:15-15.  See Chase Manhattan Bank v. Josephson, 135 N.J. 209, 232 (1994); Wright v. Village of South Orange, 79 N.J. Super. 96, 102 (App. Div. 1963).  One would therefore fairly expect that if the Legislature intended such a sea change it would have done so directly, not inferentially.  Wright, 79 N.J. Super. at 102.  Because the Legislature failed to explain or express itself on this precise issue, we cannot conclude it intended to so drastically alter existing legal principles.

Second, the participants debate the significance of an earlier draft of the bill amending N.J.S.A. 34:15-15.  If enacted, that draft would have imposed a duty on the Division "to provide procedures to resolve those disputes, including a system of binding arbitration and procedural requirements for medical providers or any other party to the dispute."  Sponsor's Statement to A. 2652 (May 10, 2012).  In his written decision, the compensation judge viewed the deletion of this language from the final draft as revealing the Legislature's belief that existing procedures – such as N.J.S.A. 34:15-51 – were already in place for the future management of medical-provider claims in the Division.  We reject this.  If anything, the belief that the Legislature was already satisfied with existing procedural requirements for these claims more logically suggests it

intended that the six-year statute of limitations, which undoubtedly applied to medical-provider claims prior to the amendment, would continue to apply after the amendment was enacted.

Third, and most obvious, is the fact that the Legislature made no alteration to N.J.S.A. 34:15-51 when it amended N.J.S.A. 34:15-15. Respondents, and amici who line up on their side, believe the Legislature intended to incorporate medical providers into the existing claimant-for-compensation category of N.J.S.A. 34:15-51 without saying so. That category, however, was always understood as referring only to employees. Other provisions in the Act clearly equate "claimant" with "employee."[4] And, the Act defines "compensation" as that to which the employee is entitled for a work-related injury as determined by "the schedule[s] contained in [N.J.S.A. 34:15-12 and 34:15-13]"; those schedules have no rational bearing on the methodology to be applied to determine when and to what amount a medical provider should be compensated. To accept respondents' theory, we would not only have to assume the Legislature meant to expand its preexisting view of "claimant" but also its preexisting view

_____

[4] As pointed out by amicus medical facilities, many provisions of the Act are phrased in ways that unmistakably equate "claimant" with "employee" and cannot sensibly be viewed as incorporating medical providers. See N.J.S.A. 34:15-7.2, -12(c)(23), -28.2, -33.3, -34, -41.1, -43, -50, and -64(a)(2)(a).

of "compensation," when the Legislature remained silent on both points altogether.

And, fourth, we are most persuaded that the Legislature intended to leave unaltered the time within which medical-provider claims must be commenced because the Act's two-year time-bar simply doesn't fit. N.J.S.A. 34:15-51 requires that a petition for compensation must be filed within two years of "the accident." Because there can be no doubt that "the accident," as used in this statute, relates only to the date the employee's work-related injury occurred, the idea that the timeliness of a medical-provider's claim should be gauged by the passage of time from the employee's accident seems nonsensical. It's safe to say that there would be – if this shorter statute of limitations applied – numerous times in which the window within which medical providers would be required to assert their claims would expire before their claims accrued. Is it not likely that at times an employee might be treated by a medical provider for a period greater than the two-year period following the worker's accident or even not be treated by a particular medical provider until after two years elapsed from the work-related accident? In seeking a reasonably plausible interpretation of the Legislature's amendment, are we really to assume the Legislature intended to create a situation where a medical provider's right to pursue a legitimate claim

might actually be extinguished before it even accrued?  Absent greater evidence than its silence, we refuse to assume the Legislature intended to make such a significant and incongruous change to the time-bar applicable to medical-provider claims.[5]

Undaunted by this roadblock in their theory, respondents, and the amici who have taken their side, argue that we should conclude the two-year time-bar – when applied to medical-provider claims – does not apply in the same way that it does when the claim is asserted by an employee notwithstanding the statute's plain language.  They claim that the triggering date should not be the worker's accident but the date of the medical provider's service to the employee. There are a number of fallacies in this contention.  To start, this argument eviscerates respondents' seminal contention that all those who file claim petitions in the Division are "claimants for compensation" and all are, accordingly, subject to the Act's time-bar.  If all claimants for compensation are

---

[5]  Amicus Insurance Council of New Jersey argues that N.J.S.A. 34:15-41 demonstrates an intention to impose a two-year time-bar on medical providers. We see no merit in this contention.  N.J.S.A. 34:15-41 merely declares that "[i]n case of personal injury or death all claims for compensation on account thereof shall be forever barred unless a petition is filed . . . as prescribed by [N.J.S.A. 34:15-51]."  This statute was enacted in 1911 and last amended in 1931.  So, one can only wonder how it sheds light on the Legislature's intent in enacting the 2012 amendment.

to be treated alike, why is it necessary – in order to reach that conclusion – to so significantly alter the manner in which the time-bar should be applied to some of those claimants? By arguing that the time-bar operates differently for medical-provider claims – that the action accrues on the date of service instead of the employee's accident – the respondents must concede that medical providers are different types of claimants than employees.

But, even more damning, in making this argument respondents believe we should, by judicial fiat, provide an alternate interpretation of the plain and unambiguous language of N.J.S.A. 34:15-51 to fit their theory. They would have us judicially engraft a phrase onto N.J.S.A. 34:15-51 to include an alternative triggering date for medical-provider claims. They ask us to declare that N.J.S.A. 34:15-15 should now be understood to mean that a medical provider must file its claim either, as the statutes declares, within two years of the date of the employee's accident or, as respondents would have us insert into the statute, "within two years following the service rendered."[6] In taking such a

---

[6] We are mindful that other events may trigger a timely action by a claimant for compensation. These alternative events make even clearer that the Legislature constructed this statute only for claims made by workers. For example, a claimant and the claimant's "employer" may agree for compensation and the claimant may commence a claim within two years of the "failure of the employer to make payment pursuant to the terms of such agreement." N.J.S.A. 34:15-51.

step, we would not be interpreting the statute; we would be rewriting – likely perverting – what the Legislature enacted.  See State v. Clarity, 454 N.J. Super. 603, 608 (App. Div. 2018).  Although courts may at times engage in "statutory surgery" to preserve a legislative enactment from some unconstitutional taint, State v. Natale, 184 N.J. 458, 485-86 (2005); Town Tobacconist v. Kimmelman, 94 N.J. 85, 104 (1983), our holding does not implicate constitutional concerns; so we may not utilize that scalpel.  Even so, judicial surgery is undertaken to reshape the Legislature's language only to preserve what the Legislature meant. That is not what respondents seek.  They do not ask that we remove some part of the statute to avoid a constitutional infirmity; they seek instead to have us transplant into the statutory body a method for ascertaining the timeliness of a medical-provider claim never expressed nor likely contemplated by the Legislature.  We decline the invitation.  The relief respondents are after must be pursued in the legislative branch, not here.  Absent some clearer expression from

---

Since a medical provider has no "employer" in this context, these alternative events have no application to a medical-provider claim.  The statute provides another exception:  "repair or replacement of prosthetic devices shall not be construed to extend the time for filing of a claim petition."  Ibid.  This provision further reveals that the Act's statute of limitations was limited with the intent only to apply to workers, not their medical providers.

14

the Legislature, the timeliness of medical-provider claims is to be assessed by resort to N.J.S.A. 2A:14-1.

When ascertaining whether legislation clear on one point also implicitly impacted some other point, we sometimes find ourselves "in a kind of hieroglyphic world, where the real thing was never said or done or even thought, but only represented by a set of arbitrary signs." Edith Wharton, The Age of Innocence 42 (1920). To be sure, there are times when legislative intent might be gathered from less than clear statements and, in those cases, we apply statutory-interpretation tenets to develop an educated estimate about what the Legislature likely intended. But, here, we find nothing but legislative silence on the point in controversy; not even "a set of arbitrary signs" supports respondents' argument.

The judgments under review are reversed and the matters remanded for further proceedings on these timely claims.[7]

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[7] Because we decline to interpret the statutory scheme so as to impose a two-year time limitation on medical-provider claims, we need not reach the medical providers' argument that any holding that the two-year time-bar applies should be given prospective effect. We also need not consider the medical providers' argument in some of these cases that respondents' failure to plead the statute of limitations constituted a waiver of the defense or respondents' contention that this argument was abandoned.

A-5597-16T1