SYLLABUS

(This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.)

**The Plastic Surgery Center, PA v. Malouf Chevrolet-Cadillac, Inc.**
**(A-78/79/80-18) (082502)**

**(NOTE: The Court did not write a plenary opinion in this case. The Court affirms the judgment of the Appellate Division substantially for the reasons expressed in Judge Fisher's opinion, published at 457 N.J. Super. 565 (App. Div. 2019).)**

**Argued January 7, 2020 -- Decided February 3, 2020**

**PER CURIAM**

The Court considers the Appellate Division's determination that the six-year statute of limitations for suits on contracts, N.J.S.A. 2A:14-1, continues to apply to claims brought by medical providers for payment of services rendered to injured employees notwithstanding the 2012 amendment to N.J.S.A. 34:15-15, which the Division of Workers' Compensation (Division) interpreted to require application of the two-year time-bar of N.J.S.A. 34:15-51, a section of the Workers' Compensation Act.

The medical provider in each of these cases filed a petition in the Division for payment of services rendered to employees of the respondent employers. And each medical provider filed its claim more than two years from the date of each employee's accident but less than six years from the claim's accrual. Interpreting N.J.S.A. 34:15-15 to require application of the two-year time-bar of N.J.S.A. 34:15-51, the same compensation judge dismissed all the actions. The medical providers appealed, arguing that the judge misconstrued the significance of the 2012 amendment.

The Appellate Division consolidated the cases and reversed and remanded for further proceedings. 457 N.J. Super. 565, 575 (App. Div. 2019).

The Appellate Division noted the following. Before the 2012 amendment, a medical provider was entitled to file a collection action for payment of its services in the superior court and had no obligation to participate in a patient's pending compensation action. Id. at 569. In 2004, the Court held that when an employee pursues a claim in the Division for compensation benefits, a medical provider's superior court collection action "must be transferred" to the Division. Ibid. (quoting Univ. of Mass. v. Christodoulou, 180 N.J. 334, 352 (2004)). With an apparent intent to more formally herd all medical-provider claims into the Division, the Legislature declared that "[e]xclusive jurisdiction

1

for any disputed medical charge arising from any claim for compensation for a work-related injury or illness shall be vested in the [D]ivision." Ibid. (quoting the amended N.J.S.A. 34:15-15). The Legislature, however, did not address the time within which a medical-provider claim must be commenced. Ibid.

The Appellate Division interpreted that silence to reveal the Legislature's likely intent to leave things as they were. Id. at 571. It was well-established long before the 2012 amendment that the timeliness of medical-provider claims was governed by the general six-year statute of limitations. Ibid. The appellate court reasoned that, had the Legislature intended to drastically alter that principle, it would have done so directly, not inferentially. Ibid. The court found support for that view in the legislative history of the 2012 amendments. Id. at 571-72.

The Appellate Division also found logical shortcomings in the argument that the two-year limitations period was intended to apply to the medical providers' claims. See id. at 572-73. First, such a view would require expanding -- based solely on legislative silence -- the preexisting category of "claimant" within N.J.S.A. 34:15-51, as well as the preexisting definition of "compensation" in N.J.S.A. 34:15-12 and -13 -- terms elsewhere applied to employees and their recovery -- to incorporate medical providers and the type of recovery sought here. Id. at 572. Second, the two-year period simply doesn't fit: N.J.S.A. 34:15-51 requires that a petition for compensation be filed within two years of "the accident," but it is likely that an employee might be treated by a medical provider for a period greater than the two-year period following the accident or even not be treated by a particular medical provider until after two years elapsed from the work-related accident. Id. at 572-73. As a result, a provider's legitimate claim might actually be extinguished before it even accrued. Id. at 573. The appellate court declined to interpret legislative silence to produce such a result. Id. at 572-73.

The Court granted the employers' petitions for certification. 238 N.J. 57 (2019); 238 N.J. 31 (2019); 238 N.J. 30 (2019).

**HELD:** The judgment of the Appellate Division is affirmed substantially for the reasons expressed in that court's opinion. As the Appellate Division noted, in the 2012 amendment to N.J.S.A. 34:15-15, the Legislature did not expressly address the statute of limitations. The Legislature is, of course, free to do so in the future.

**AFFIRMED**.

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in this opinion. JUSTICE TIMPONE did not participate.**

2

# SUPREME COURT OF NEW JERSEY
## A-78/79/80 September Term 2018
## 082502

The Plastic Surgery Center, PA,

Plaintiff-Respondent,

v.

Malouf Chevrolet-Cadillac, Inc.,

Defendant-Appellant.

_____

The Plastic Surgery Center, PA,

Plaintiff-Respondent,

v.

Leone Industries,

Defendant-Appellant.

_____

The Woods O.R., Inc.,

Plaintiff-Respondent,

v.

Leone Industries,

Defendant-Appellant.

_____

1

Steven J. Paragioudakis, M.D.,

Plaintiff-Respondent,

v.

Café Bayou,

Defendant-Appellant.

_____

Marc Menkowitz, M.D.,

Plaintiff-Respondent,

v.

Café Bayou,

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
457 N.J. Super. 565 (App. Div. 2019).

| Argued | Decided |
|--------|---------|
| January 7, 2020 | February 3, 2020 |

David P. Kendall argued the cause for appellants Malouf
Chevrolet-Cadillac, Inc., and Leone Industries (Law
Office of Ann DeBellis, attorneys; Ann DeBellis, of
counsel and on the brief, and David P. Kendall, on the
brief).

Florence Lamb argued the cause for appellant Café
Bayou (Law Office of William Staehle, attorneys; Steven
J. Currenti, on the brief).

2

Michael M. DiCicco argued the cause for respondents The Plastic Surgery Center, PA, The Woods O.R. Inc., Steven J. Paragioudakis, M.D., and Mark Menkowitz, M.D. (Maggs & McDermott, attorneys; Michael M. DiCicco and James A. Maggs, on the brief).

Susan Stryker argued the cause for amicus curiae Insurance Council of New Jersey (Bressler, Amery & Ross, attorneys; Susan Stryker, of counsel and on the briefs, and Michael J. Morris, on the briefs).

Steven Stadtmauer argued the cause for amici curiae RWJ/Barnabas Health, Hackensack Meridian Health, The Valley Hospital, and Atlanticare (Celentano Stadtmauer & Walentowicz, attorneys; Steven Stadtmauer and Nancy A. Cifalino, on the brief).

Michael J. Smikun argued the cause for amicus curiae Medical Society of New Jersey (Callagy Law, attorneys; Rajat Bhardwaj, on the brief).

---

PER CURIAM

---

The judgment of the Superior Court, Appellate Division is affirmed substantially for the reasons expressed in Judge Fisher's opinion, reported at 457 N.J. Super. 565 (App. Div. 2019). As the Appellate Division noted, in the 2012 amendment to N.J.S.A. 34:15-15, the Legislature did not expressly address the statute of limitations. The Legislature is, of course, free to do so in the future.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in this opinion. JUSTICE TIMPONE did not participate.

3