# RECORD IMPOUNDED

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3387-23

IN THE MATTER OF THE
EXPUNGEMENT OF THE
CRIMINAL/JUVENILE RECORDS
OF P.L.

_____

APPROVED FOR PUBLICATION

July 30, 2025

APPELLATE DIVISION

Argued May 5, 2025 – Decided July 30, 2025

Before Judges Gummer, Berdote Byrne, and
Jablonski.

On appeal from the Superior Court of New Jersey,
Law Division, Cape May County, Docket No.
XP-23-000192.

James E. Moore, Assistant Prosecutor, argued the
cause for appellant State of New Jersey (Jeffrey H.
Sutherland, Cape May County Prosecutor, attorney;
James E. Moore, on the brief).

Michele E. Friedman, Assistant Deputy Public
Defender, argued the cause for respondent P.L.
(Jennifer N. Sellitti, Public Defender, attorney;
Michele E. Friedman, of counsel and on the brief).

Elena M. Cicognani argued the cause for amicus
curiae Association of Criminal Defense Lawyers of
New Jersey (Gibbons, PC, attorneys; Lawrence S.
Lustberg, Anne M. Collart and Elena M. Cicognani,
on the brief).

Kaili E. Matthews, Deputy Attorney General, argued
the cause for amicus curiae Attorney General of New

Jersey (Matthew J. Platkin, Attorney General, attorney; Kaili E. Matthews, of counsel and on the brief).

The opinion of the court was delivered by

JABLONSKI, J.A.D.

The State appeals from a trial court order expunging P.L.'s [1] adult criminal record and his juvenile delinquency adjudications after he successfully completed a Recovery Court special probation sentence. This appeal highlights the interplay between the Recovery Court expungement statute, N.J.S.A. 2C:35-14(m), and the law that governs expungements generally, N.J.S.A. 2C:52-1 to -32.1. We consider specifically whether certain juvenile adjudications can be expunged after successful completion of Recovery Court under N.J.S.A. 2C:35-14(m), if the same conduct by an adult would result in non-expungable convictions under the general expungement statute. We conclude they can and affirm.

I.

The relevant facts are straightforward and undisputed. After P.L. pled guilty to a drug-possession offense, he completed a term of special probation

---

[1] Because the underlying dispute concerns P.L.'s application for expungement of his criminal record, we use initials to preserve anonymity. Rule 1:38-3(c) designates the records regarding these proceedings confidential.

A-3387-23

through the judiciary's Recovery Court program.[2] Afterwards, he sought to expunge his adult criminal and juvenile delinquency history under N.J.S.A. 2C:35-14(m), which permits expungement of "all prior arrests, detentions, convictions, and proceedings for any [Title 2C offense] . . . upon successful discharge from a term of special probation." N.J.S.A. 2C:35-14(m)(1).

The State did not object to the expungement of P.L.'s adult criminal history. However, it opposed removal of his prior juvenile delinquency adjudication for first-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and 2C:15-1(a)(1), from his record. It argued the court could not permit a Recovery Court expungement of an offense that is non-expungable as a conviction under the general expungement statute, even after successful completion of Recovery Court. See N.J.S.A. 2C:52-4.1.

In a written opinion, the motion judge ordered expungement of P.L.'s entire record. He acknowledged "a juvenile adjudication is not a conviction." Analyzing N.J.S.A. 2C:35-14(m), the judge found "the [c]ourt cannot add terms to statutes and must look to the language of the statute. Here, the legislature used the word conviction, and not adjudication [n]or any other language in the alternative. Accordingly, the juvenile adjudication cannot bar

---

[2] N.J.S.A. 2C:35-14 and its amendments "craft[ed] a new disposition alternative that allow[s] a court to divert prison-bound defendants into an intensively monitored and long-term program of rehabilitation." State v. Meyer, 192 N.J. 421, 434 (2007).

a [R]ecovery [C]ourt expungement." The judge concluded, regarding Recovery Court expungements, "the statute is clear: 'the Superior Court may order the expungement of all records and information relating to all prior arrests, detentions, convictions, and proceedings for any offense enumerated in Title 2C of the New Jersey Statutes upon successful discharge from a term of special probation.' N.J.S.A. 2C:35-14(m)(1)." (Citation reformatted).

The State appeals and, joined by amicus curiae the New Jersey Attorney General, makes a similar argument before us as it did at the trial level: an adjudication of delinquency, for the offense of conspiracy to commit robbery, is ineligible for expungement based on the plain language of both the Recovery Court and expungement statutes. Amicus cautions that "failure to read the[se] statutes in concert would contravene the Legislature's intent and lead to absurd results."

In opposition, P.L. contends the trial court correctly expunged his entire record because the plain language of N.J.S.A. 2C:35-14(m) does not exempt juvenile adjudications from expungement of a petitioner's entire history upon successful completion of Recovery Court. Amicus, Association of Criminal Defense Lawyers of New Jersey ("ACDL-NJ"), amplifies this argument and contends "because 'adjudications' are explicitly omitted from the enumerated

exceptions to post-recovery court expungement, N.J.S.A. 2C:35-14(m) must be read to permit the expungement of juvenile delinquency adjudications."

## II.

We consider de novo the trial court's interpretation of the expungement statute. N.J. Div. of Child Prot. & Permanency v. A.P., 258 N.J. 266, 278 (2024) (applying a de novo standard of review to questions of interpretation of the statute governing expungement of criminal records).

## A.

The practice and procedure for expungements generally appears in N.J.S.A. 2C:52-1 to -32.1. N.J.S.A. 2C:52-4.1 specifically addresses expungement of juvenile adjudications: "[a]ny person adjudged a juvenile delinquent may have such adjudication expunged . . . pursuant to N.J.S.[A.] 2C:52-2, if the act committed by the juvenile would have constituted a crime if committed by an adult." N.J.S.A. 2C:52-4.1(a). To ascertain whether expungement is permitted, "any act . . . result[ing] in a juvenile being adjudged a delinquent shall be classified as if that act had been committed by an adult." Ibid. N.J.S.A. 2C:52-2(b) prohibits expungement of certain adult criminal convictions, specifically including convictions for robbery, N.J.S.A. 2C:15-1. Therefore, according to the general expungement statute, someone with a juvenile adjudication of any of the disqualifying offenses who petitions for

expungement under the general expungement statute would not be permitted to expunge a record of a juvenile adjudication of that offense.

B.

However, a person who completes a special probation sentence in Recovery Court may seek expungement of a criminal record under N.J.S.A. 2C:35-14(m). An eligible petitioner may have "all records and information" connected with "all prior arrests, detentions, convictions, and proceedings for any [Title 2C] offense" removed from a record. N.J.S.A. 2C:35-14(m)(1). Although the scope of expungable offenses in paragraph (1) of N.J.S.A. 2C:35-14(m) is broader than the list of expungable offenses in the general expungement statute, paragraph (2) of N.J.S.A. 2C:35-14(m) provides: "[a] person shall not be eligible for expungement under paragraph (1) of this subsection if the records include a conviction for any offense barred from expungement pursuant to subsection b. or c. of N.J.S.[A.] 2C:52-2." N.J.S.A. 2C:35-14(m)(2) (emphasis added). In enacting N.J.S.A. 2C:35-14(m), the Legislature chose not to include the term "juvenile adjudication" in the limits set forth in N.J.S.A. 2C:35-14(m)(2).

III.

A court's "primary goal when interpreting a statute is to determine and carry out the Legislature's intent." In re Kollman, 210 N.J. 557, 568 (2012);

see also Borough of Englewood Cliffs v. Trautner, 260 N.J. 410, 419-20 (2025). The "best indicator of legislative intent is 'the plain language chosen by the Legislature.'" State v. Perry, 439 N.J. Super. 514, 523 (App. Div. 2015) (quoting State v. Gandhi, 201 N.J. 161, 176 (2010)); see also In re Proposed Constr. of Compressor Station (CS327), 258 N.J. 312, 324 (2024). Therefore, in interpreting a statute, we first examine the statute's plain language. Fuster v. Twp. of Chatham, 259 N.J. 533, 547 (2025). Statutes must be given their "ordinary and common-sense meaning." Saccone v. Bd. of Trs. of Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014); see also Crisitello v. St. Theresa Sch., 255 N.J. 200, 219 (2023).

"If the language is clear, the court's job is complete." In re D.J.B., 216 N.J. 433, 440 (2014) (citing Kollman, 210 N.J. at 568). "If 'the Legislature has carefully employed a term in one place yet excluded it in another, it should not be implied where excluded.'" In re R.H., 258 N.J. 1, 12 (2024) (quoting State v. Cooper, 256 N.J. 593, 605 (2024)). "In other words, courts should not add language to section (x) that the Legislature chose to include in section (y) but left out of (x)." Ibid. Why? "The reason is simple: 'The Legislature knows how to write [a] . . . statute.'" R.H., 258 N.J. at 12 (alteration in original) (quoting Murray v. Plainfield Rescue Squad, 210 N.J. 581, 593 (2012)).

A-3387-23

Guided by these principles, we cannot "add terms which may have been intentionally omitted by the Legislature, speculate, [n]or otherwise engage in an interpretation which would avoid its plain meaning." Perry, 439 N.J. Super. at 523 (citing DiProspero v. Penn, 183 N.J. 477, 492 (2005)). When a statute's plain language is clear and unambiguous, we end our interpretive process. Ibid. (citing State v. D.A., 191 N.J. 158, 164 (2007)).

N.J.S.A. 2C:35-14 contains seven references to juvenile delinquency "adjudications." We presume the Legislature understood this term and could have included it in N.J.S.A. 2C:35-14(m)(2) if it wished to exempt certain types of juvenile adjudications from Recovery Court expungement. See Savage v. Twp. of Neptune, 257 N.J. 204, 217-18 (2024) (declining to read into a statute a particular term the Legislature could have included but chose not to include in the statute).

It is well-settled juvenile adjudications are not considered criminal convictions. R.H., 258 N.J. at 13-14; see also State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999); State in the Int. of K.P., 167 N.J. Super. 290, 294 (App. Div. 1979). Additionally, although the general expungement statute treats juvenile delinquency adjudications as equivalent to adult offenses for the purpose of expungement eligibility, the relief available under the Recovery Court statute provides for a different outcome.

Because P.L.'s application was submitted under N.J.S.A. 2C:35-14(m) after his successful completion of the Recovery Court program, his eligibility is governed by the requirements outlined in that statute. The plain language of that statute does not include any bar against expungement of juvenile adjudications. To accept the positions advanced by the State and Attorney General would effectively require inserting "juvenile adjudications" into N.J.S.A. 2C:35-14(m)(2), contrary to the established rules of statutory interpretation.

Inserting language that does not exist into a statute that does not include it "far exceeds the judiciary's role in such matters." Simadiris v. Paterson Pub. Sch. Dist., 466 N.J. Super. 40, 49 (App. Div. 2021) (citing Plastic Surgery Ctr., PA v. Malouf Chevrolet-Cadillac, Inc., 457 N.J. Super. 565, 574-75 (App. Div. 2019), aff'd o.b., 241 N.J. 112 (2020)). Doing so "would be legislating, not interpreting." Ibid. "In the final analysis, we cannot presume the Legislature 'intended a result different from what is indicated by the plain language or add a qualification to a statute that the Legislature chose to omit.'" Ibid. (quoting Tumpson v. Farina, 218 N.J. 450, 467-68 (2014)).

In sum, we must "apply the law as written." Compressor Station, 258 N.J. at 324 (quoting Shelton v. Restaurant.com, Inc., 214 N.J. 419, 429 (2013)). Some restrictions included by the Legislature in the general

expungement statute were not included by the Legislature in N.J.S.A. 2C:35-14(m) and, thus, do not apply when a Recovery Court petitioner seeks expungement under N.J.S.A. 2C:35-14(m).  Therefore, a successful Recovery Court graduate, who has a juvenile adjudication that may be non-expungable under the general expungement statute, may have an entire record expunged because the operative Recovery Court statute does not bar the expungement of juvenile adjudications.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3387-23